UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

NORMA ESTRADA,

    Plaintiff(s),

v.

RAPID CAPITAL FINANCE, LLC,
a Florida Limited Liability Company;
and NORTH AMERICAN BANCARD
HOLDINGS, INC., a Foreign Profit Corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, **NORMA ESTRADA**, by and through the undersigned counsel, hereby sues Defendant, **RAPID CAPITAL FINANCE LLC**, a Florida Limited Liability Company; and **NORTH AMERICAN BANCARD HOLDINGS, INC.**, a Foreign Profit Corporation; collectively ("Defendants"), and in support thereof avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for unpaid wages and damages under the Equal Pay Act Of 1963, 29 U.S.C. § 206, *et seq.* ("EPA").

2. This Court has jurisdiction over Plaintiff's EPA claims pursuant to the 29 U.S.C. § 206, *et seq.*

3. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the EPA.

1

4. Defendant, RAPID CAPITAL FINANCE, LLC, is a Florida Limited Liability Company conducting business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, NORTH AMERICAN BANCARD HOLDINGS, INC., is a Foreign Profit Corporation conducting business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due and owing in Miami-Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff worked for Defendant from on or about January 4th, 2014 through on or about May 8th, 2017 as a Collection's Specialist.

10. Throughout Plaintiff's employment with Defendants, Defendants, through Manager, Pernell Rachel, have favored male employees over female employees.

11. Throughout Plaintiff's employment with Defendants, male employees in Plaintiff's same position have earned more than Plaintiff. In fact, one of the male employees whom was also a Collection's Specialist as Plaintiff, received an increase in his salary, but Plaintiff did not receive the increase in her salary.

2

12. Plaintiff was the only female Collection's Specialist in her unit and was not paid equally as the males in her same position.

13. The increased pay that males received was not based on superior skill, education, or experience, or any other legitimate factor.

14. Specifically, at the time Plaintiff was working with Defendants, Plaintiff was paid an annual salary that was less than a similarly situated male counterpart.

## COUNT I
## RAPID CAPITAL FINANCE, LLC
### *Discrimination in Compensation*
### *Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

16. Plaintiff belongs to a protected class; she is female.

17. Plaintiff's job functions as Collection's Specialist with Defendant were and are of equal skill, effort, and responsibility as the job functions of Defendant's male employees in the same position, and they were performed under the same or similar working conditions.

18. During all relevant periods, Plaintiff received wages lower than most if not all, of Defendant's male Collection Specialists' wages while performing the same or substantially more work than her male coworkers.

19. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers.

20. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the EPA and has done so willfully,

intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## NORTH AMERICAN BANCARD HOLDINGS, INC.
### *Discrimination in Compensation*
### *Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

22. Plaintiff belongs to a protected class; she is female.

23. Plaintiff's job functions as Collection's Specialist with Defendant were and are of equal skill, effort, and responsibility as the job functions of Defendant's male employees in the same position, and they were performed under the same or similar working conditions.

24. During all relevant periods, Plaintiff received wages lower than most if not all, of Defendant's male Collection Specialists' wages while performing the same or substantially more work than her male coworkers.

25. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers.

26. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the EPA and has done so willfully,

intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 7/17/17

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsmile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rreigueiro@rgpattorneys.com
pn@rgpattorneys.com